

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2005

# Walker v. Abraham

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3552

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Walker v. Abraham" (2005). *2005 Decisions*. Paper 130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-3                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3552
_____

EDWIN WALKER,
                                        Appellant
v.

LYNNE ABRAHAM, DISTRICT ATTORNEY; PHILADELPHIA SHERIFF SALE
DEPARTMENT; JOHN D. GREEN, SHERIFF
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-05356)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 4, 2005

Before:   CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

(Filed:  December 9, 2005)

_____

OPINION
_____

PER CURIAM.

Pro se litigant Edwin Walker, an inmate at the State Correctional Institution

in Dallas, Pennsylvania, filed this action against District Attorney Lynne Abraham, the

Philadelphia Sheriff Sale Department, and Sheriff John D. Green pursuant to 42 U.S.C. §

1

1983. Walker alleged that defendants violated his constitutional rights by initiating forfeiture proceedings against a commercial property owned by him without notice and without his consent.

On March 13, 1998, Walker was arrested and charged with possession with intent to deliver and delivery of a controlled substance. Walker was convicted by a jury on September 27, 1999 and his conviction was affirmed on October 6, 2004. On April 14, 1998, prior to his conviction, the Philadelphia District Attorney's Office filed a petition for forfeiture of his property, located at 3045 Germantown Avenue, Philadelphia, Pennsylvania, at which he was arrested and from which he was accused of selling drugs, and $8,422.00, the amount of money seized from Walker upon his arrest. Walker thereafter filed a motion for the return of his property. On April 3, 2002, following a prolonged discovery dispute, the Court of Common Pleas held a hearing with Walker appearing by video conference. The District Attorney offered into evidence the notes of testimony from Walker's criminal trial, which documented the fact that Walker was tried before a jury and convicted of selling drugs out of the 3045 Germantown Avenue property. Walker proffered no evidence in support of his motion. The Court then granted the District Attorney's petition for forfeiture of 3045 Germantown Avenue, finding that the property had been used to store, sell, and distribute narcotics, and denied Walker's motion for the return of his property, holding that Walker had failed to present any evidence of lawful ownership. The Commonwealth Court of Pennsylvania affirmed on

September 4, 2003.

Walker then initiated the instant action in the United States District Court for the Eastern District of Pennsylvania on November 17, 2004. The District Court granted defendants' motions to dismiss, holding that, under the Rooker-Feldman doctrine, it was without subject matter jurisdiction to adjudicate Walker's claims against Abraham, Green, or the Sheriff Sale Department regarding the forfeiture and sale of 3045 Germantown Avenue, because to do so would be to exercise jurisdiction over claims that had been "'actually litigated' in state court" or are "'inextricably intertwined with [the] state adjudication,' meaning that 'federal relief can only be predicated upon a conviction that the state court was wrong.'" Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003) (quoting Parkview Assocs. Partnership v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000)); see also Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004).

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Walker leave to proceed in forma pauperis on appeal, we must now determine whether Walker's appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed as frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). The District Court properly determined that it was without subject matter jurisdiction over Walker's allegations regarding the forfeiture and sale of his property, as any grant of

3

relief "would prevent [the] state court from enforcing its order[]." <u>Desi's</u>, 321 F.3d at 422. For the foregoing reasons, Walker's appeal is without legal merit and will be dismissed as legally frivolous.